42038. CARLYLE v. HUMBLE OIL & REFINING COMPANY.

SUBMITTED JUNE 6, 1966—DECIDED JULY 14, 1966.

---

[1]We have observed it heretofore. *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417, 419 (138 SE2d 687).

116

*Floyd G. Hoard,* for appellant.

*Davis & Davidson, Jack S. Davidson,* for appellee.

FELTON, Chief Judge. The invoices which are the basis of the

account sued upon are not against the defendant retailer, Carlyle, but against the holder of the credit card, Southeastern. There was no evidence of any kind to authorize a finding that the defendant was, by agreement or otherwise, legally bound to pay to the plaintiff the account sued upon, which was an account purportedly owed to the defendant by Southeastern and assigned by the defendant to the plaintiff or the plaintiff's agent for value received. Although the plaintiff introduced, without objection, evidence that the defendant had been orally instructed that the proper handling of sales to firms on credit cards was to indicate on the credit card tickets the vehicle number, if any, and the license tag number, and have the purchaser to sign, there was no evidence of any contract placing any liability on the defendant to the plaintiff for the payment of invoices on which said instructions were not followed. If, by reason of any agreement with the defendant, the plaintiff was authorized to charge the credit sales tickets, or invoices, back to the account of the defendant with the plaintiff (there was no evidence of any such agreement), this latter account should be the one sued upon and not the account evidenced by the tickets charged back. Although the plaintiff proved basically what it had alleged, i. e., that the account represented by the attached invoices was unpaid and apparently owing to it as assignee, in doing so it failed to introduce evidence which would make the defendant liable to the plaintiff on Southeastern's account.

Accordingly, the court erred in its judgment in favor of the plaintiff and in overruling the defendant's motion for a new trial on the general grounds. The special grounds are not ruled on as they are not likely to reoccur in another trial in view of the above opinion.

*Judgment reversed. Frankum and Pannell, JJ., concur.*